

```
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 17 PM 1:01

LORETTA G. WHYTE
     CLERK
```

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEVEN GALLAGHER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 03-1622** |
| **ED. C. DAY, JR.** | **SECTION "A" (6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.

Upon review of the entire record, the Magistrate Judge has determined that this matter can be disposed of without an evidentiary hearing. For the reasons which follow, the Magistrate Judge issues this Report and Recommendation in accordance with the applicable

```
___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep____
___ Doc. No____
```

law, hereby recommending that the instant application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE.**

## PROCEDURAL HISTORY

Petitioner Steven Gallagher is a state prisoner who was incarcerated in the Washington Correctional Institute in Angie, Louisiana at the time when the instant federal petition was filed. Gallagher originally filed a federal habeas petition with this court on or about June 1, 2003 challenging "the judgment of conviction" emanating from the "19th Judicial District Court, Parish of East Baton Rouge, Louisiana".[1] Because the 19th Judicial District Court is located within the confines of the Middle District of Louisiana, the petition was transferred to the United States District Court for the Middle District of Louisiana pursuant to the district court's Order dated June 27, 2003.[2]

Petitioner's habeas action proceeded in the Middle District of Louisiana until August 12, 2003, when Judgment was entered dismissing the matter. Petitioner appealed the district court's dismissal to the United States Fifth Circuit Court of Appeals. Relying on 28 U.S.C. § 2241 which provides that a § 2254 petition may be brought in either the district where a prisoner is confined or the district where the state court that convicted and sentenced him is

---

[1]*See* petitioner's habeas petition at p. 2; Fed. Rec. Doc. 1. The claim raised in the federal habeas petition was that petitioner was entitled to good time credits as his original sentence had never been vacated, rendering the sentence on the habitual offender bill null and void.

[2]*See* district court's Order, Fed. Rec. Doc. 5.

located, and observing that petitioner was convicted and sentenced in a state court located in the Eastern District of Louisiana and that petitioner was incarcerated in a state facility located in the Eastern District of Louisiana, the Fifth Circuit ordered: "[T]he case is remanded to the Middle District of Louisiana with instructions to transfer it back to the Eastern District of Louisiana."[3]  In accordance with the Fifth Circuit's directive, the Honorable Christine Noland, United States Magistrate Judge for the Middle District of Louisiana, issued an Order on or about April 25, 2005, transferring the instant § 2254 petition to the United States District Court for the Eastern District of Louisiana.[4]  The matter was received by this court on or about May 23, 2005. On May 27, 2005, the State was ordered to respond to the petition within thirty days. Two extension requests were then granted for the State to file a response. Prior to the State's response being filed, this Court issued a July 15th, 2005 Order which noted that: 1) Gallagher had been released from the custody of the Louisiana Department of Public Safety and Corrections as of April 17, 2005; 2) mail issued to Gallagher from this court had been returned to the court as undeliverable;[5] and, 3) Gallagher had not notified the court, in compliance with Local Rule 41.3.1E of a change of

---

[3] A copy of the Fifth Circuit's *per curiam* opinion dated September 1, 2004 can be found attached to Fed. Rec. Doc. 8 as Exhibit 8.

[4] A copy of Magistrate Judge Nolan's Order dated April 25, 2005 can be found in the federal record, attached to Fed. Rec. Doc. 8 as Exhibit 9.

[5] The mail was returned stamped as undeliverable for petitioner was "no longer at W.C.I." (Washington Correctional Institute). *See* Fed. Rec. Docs. 14, 15.

address. The State was also ordered to include, with its response, a discussion of whether Gallagher's action might still be viable. The State filed its response in this matter on July 22, 2005. Therein, the State argues that Gallagher's federal habeas petition should be dismissed as Gallagher is no longer in state custody. Alternatively, the State argues that Gallagher's federal petition is time-barred.

## FACTUAL BACKGROUND

On September 16, 1997, before the 24th Judicial District Court (24th JDC) for the Parish of Jefferson, the Honorable Jo Ellen Grant presiding, petitioner, Steven Gallagher, pled guilty to the crime of simple burglary and pled guilty to being a habitual offender.[6] Petitioner, however, was not sentenced on that date with respect to either his plea of guilty to the crime of simple burglary or his plea of guilty to being a habitual offender. On September 23, 1997, petitioner, *pro se*, filed a motion for appeal with the 24th JDC.[7] On September 29, 1997, after acknowledging that petitioner had already pled guilty to the original charge of simple burglary and had already pled guilty to being a habitual offender, the state district court proceeded to sentence petitioner "on the multiple bill", stating: "It's eight years in the Department of Corrections, without benefit of parole, probation or

---

[6] A copy of the transcript of the September 16, 1997 proceeding can be found in State Rec. vol. 1.

[7] A copy of the motion can be found in State Rec. vol. 3.

4

suspension of sentence, and he will get credit for time served....[8] Immediately thereafter, the state district judge inquired as to whether or not she needed to first withdraw any earlier sentence before sentencing petitioner. It was confirmed by the court's clerk, however, that petitioner had not been sentenced earlier in connection with his plea of guilty to the crime of simple burglary or to the multiple bill.[9]

On October 8, 1997, Gallagher filed a Motion to Amend Sentence in the district court. Following Gallagher's request for mandamus relief from the state appeals courts, the district court ruled on Gallagher's motion for appeal, denying said motion on October 22, 1997[10]. On February 2, 1998, the 24th JDC also denied Gallagher's Motion to Amend Sentence.[11]

On September 21, 1998, Gallagher filed a federal habeas petition in this court, Civil Action 98-2755. Said action was denied without prejudice for failure to exhaust on October 22, 1998.

On September 6, 2000, Gallagher filed an application for post-conviction relief in the 24th JDC which was denied on September 19, 2000.[12]

---

[8] See p. 4, lines 12-20 of the transcript of the September 29, 1997 sentencing proceeding, a copy of which can be found in State Rec. vol. 1.

[9] See p. 4, lines 21-30 of September 29, 1997 transcript.

[10] A copy of this ruling can be found in State Rec. vol. 1.

[11] A copy of this ruling can be found at State Rec. vol. 1.

[12] A copy of the application and the court's ruling can be found in State Rec. vol. 1.

On March 18, 2003, Gallagher filed a "Motion: Credit for Prior Custody" with the 24th JDC which was denied on March 24, 2003[13]. Petitioner was instructed by the court to file his claim in the 19th Judicial District Court. A subsequent appeal of this ruling to the Louisiana Fifth Circuit Court of Appeal was denied on May 2, 2003.[14]

On or about July 6, 2004, Gallagher filed a writ of habeas corpus, a motion to correct an illegal sentence and a motion to vacate the multiple offender bill and sentence in the 24th JDC. On July 12, 2004, the district judge denied the motions.[15] A subsequent request for supervisory writs filed with the state appellate court on August 20, 2004 was denied on August 23, 2004.[16] The Louisiana Supreme Court denied writs on procedural grounds on June 3, 2005.[17]

In his federal habeas petition, Gallagher contends that his original sentence was never vacated prior to the trial court rendering a sentence on his multiple bill. Therefore, Gallagher argues that he is entitled to good time credits because his sentence as a multiple offender was invalid. As previously explained, the State claims that this court lacks subject-matter

---

[13] A copy of the application and the court's ruling can be found in State Rec. vol. 1.

[14] A copy of the court's ruling can be found in State Rec. vol. 1.

[15] A copy of the motions and court's ruling can be found in State Rec. vol. 3.

[16] A copy of the court's ruling can be found in State Rec. vol. 3.

[17] A copy of the court's ruling can be found in State Rec. vol. 3. *See also State ex rel. Gallagher v. State*, 903 So.2d 453 (La. 6/3/05)(2004-2383).

jurisdiction and alternatively that Gallagher's petition is time-barred.

## SUBJECT MATTER JURISDICTION/MOOTNESS

To be eligible for *habeas* relief, Gallagher must be "in custody" and must have exhausted his available state remedies. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).[18] The United States district courts only have jurisdiction over *habeas* petitioners who are "in custody in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989)(quoting 28 U.S.C. §2241(c)(3) and 28 U.S.C. §2254(a)). Whether a petitioner is "in custody" is determined based upon the date on which the habeas petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Port v. Heard*, 764 F.2d 423, 425 (5th Cir. 1985). When the jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's subsequent release from custody. *Carafas*, 391 U.S. at 238; *Port*, 764 F.2d at 425.

Gallagher was in custody at the Washington Correctional Institute at the time his federal habeas petition was originally filed. Accordingly, jurisdiction attached at that time, despite the subsequent transfer of the petition to the U.S. District Court for the Middle District of Louisiana, and then back to the U.S. District Court for the Eastern District of Louisiana. Accordingly, the court finds that it has subject matter jurisdiction over

---

[18]The State concedes exhaustion. *See* Fed. Rec. Doc. 19, State's Response at p. 5.

Gallagher's petition as Gallagher was "in custody" for purposes of 28 U.S.C. §2254(b)(1).

The question to be addressed thus becomes whether Gallagher's federal *habeas* petition has been rendered moot as a result of his completion of his state sentence. In his federal habeas petition, Gallagher seeks good time credits for a sentence which essentially has been already served. Therefore, with federal relief no longer available for Gallagher, there is no longer a case-or controversy present, as required under Article III, Section 2, of the Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478, 110 S.Ct. 1249, 1254, 108 L.Ed.2d 400 (1990)(citations omitted). *See also*, *Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)(Inmate's petition challenging unconstitutional parole procedures rendered moot after petitioner completed his sentence); *Holley v. Andraschko*, 2003 WL 22407416 (10th Cir., October 22, 2003)(Since the traditional function of the writ of habeas corpus is to secure release from illegal custody, habeas petition became moot when petitioner was released.)

The court also is not aware of any collateral consequences which petitioner will suffer sufficient to defeat the mootness of this action. Petitioner was released from state custody on April 17, 2005 and has never attempted to contact this court with regard to whether he desires to maintain this action nor has he provided this court with a change of address. Without an

argument from petitioner, the court is unwilling to presume that he will suffer from any collateral consequences resulting from the dismissal of his petition. *See Spencer*, 523 U.S. at 13, 118 S.Ct. at 986 (Collateral consequences will not be presumed). Therefore, based upon the foregoing, IT IS RECOMMENDED that Gallagher's habeas petition be DISMISSED as MOOT.

## TIMELINESS

An additional ground to dismiss Gallagher's petition also exists in that, as noted by the State in its response, Gallagher is time-barred from pursuing federal habeas relief.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review. *See* 28 U.S.C. § 2244(d)(1) (West 2005), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, Gallagher's conviction was no longer subject to review, at the latest, as of February 8, 1998, after an expiration of five days from February 2, 1998, the date the trial court denied Gallagher's motion to amend sentence.[19] Thus, Gallagher's one year limitation

---

[19]At the time of Gallagher's conviction and sentencing, La. C. Cr. P. art. 914 (B)(2), granted a five day period for an appeal to be sought from a ruling on a motion to reconsider sentence. Gallagher's *pro se* motion to amend sentence was likely construed as a motion to reconsider

period commenced to run on February 8, 1998 and was due to expire on February 8, 1999. Petitioner did not file the instant action until June 1, 2003, more than three years after his limitation period expired. Thus, petitioner's challenges to his 1997 conviction must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As previously explained, Gallagher did not file a state post-conviction application in the state courts until September 6, 2000, well after the February 8, 1999 federal habeas deadline.[20] Thus, absent a basis for equitably tolling petitioner's prescriptive period, Gallagher's federal *habeas* application must be dismissed.

---

sentence. Thus, when Gallagher failed to seek such an appeal within five days, his sentence was no longer subject to state review. La. C. Cr. P. art. 914 (B)(2) was amended in 2003 to allow for a thirty day period for the taking of an appeal on a motion to reconsider sentence.

[20] Although Gallagher did file a prior federal habeas petition with the court on September 21, 1998, Civil Action 98-2755, the filing of a federal habeas petition does not toll the limitations period. See *Duncan v. Walker*, 533 U.S. 167, 121 SA.Ct. 2120, 150 L.Ed.2d 251 (2001)(application for federal *habeas* review is not an "application for State post-conviction or other collateral review", within meaning of tolling provision of the Antiterrorism and Effective Death Penalty Act (AEDPA)). See also, *Grooms v. Johnson*, 208 F.3d 488 (5th Cir. 1999)(limitations period of the AEDPA not tolled during pendency of a prior federal *habeas* petition). Moreover, even if Gallagher's limitations period were tolled from September 21, 1998 until the federal habeas was dismissed on October 22, 1998, the additional 32 days of tolling time would be insufficient to make the instant federal petition timely.

The Fifth Circuit has held that the AEDPA's one-year period of limitations may be equitably tolled, but only in exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). Since *Davis*, the Fifth Circuit has made it clear that a pro se prisoner's ignorance or misinterpretation of applicable law does not constitute "exceptional circumstances" for the purpose of equitably tolling the AEDPA's one-year statute of limitations. *See Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

In this instance and after a thorough review of the record, the court is unable to find any reason to justify equitable tolling. Therefore, as an alternative ground, Gallagher's federal habeas petition should be dismissed as untimely.

### FAILURE TO COMPLY WITH LOCAL RULE 41.3.1E

Gallagher's federal habeas petition is also subject to dismissal under Local Rule 41.3.1E, which provides:

**LR41.3.1E Dismissal for Failure to Provide Notification of Change of Address**

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for

> dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

Gallagher was released from the state correctional facility on April 17, 2005 and has failed to correspond with the court so as to provide a change of address to the present date, a period of ten (10) months. Although the court recognizes that the devastation caused by Hurricanes Katrina and Rita to the Greater New Orleans area may have caused petitioner's displacement, more than four months lapsed after Gallagher's release before the hurricane even struck the area. Accordingly, as a third alternative ground, on the basis of his failure to comply with LR 41.3.1 E, Gallagher's federal habeas should be dismissed.

## **MERITS**

Finally, the court notes a final alternative ground for denying federal habeas relief to Gallagher. Gallagher complains that his multiple bill sentence is invalid because the state sentencing judge allegedly failed to vacate a prior sentence on the underlying offense before she sentenced him as a multiple offender. However, as a review of the transcripts dated September 16, 1997 and September 29, 1997 reveal that petitioner was never sentenced on the underlying crime of simple burglary before he was sentenced as a multiple offender.[21] Therefore, there was no prior sentence to vacate and Gallagher's sentence as a multiple

---

[21] Compare transcript of proceeding dated September 16, 1997 with transcript of proceedings dated September 29, 1997, both of which can be found in State Rec. vol. 1.

12

offender was valid, making his claim for entitlement to good time credits without merit.

## **RECOMMENDATION**

For the foregoing reasons, IT IS RECOMMENDED that the petition for issuance of writ of habeas corpus filed by Steven Gallagher be DISMISSED WITH PREJUDICE AS MOOT. Alternatively, the petition should be DISMISSED WITHOUT PREJUDICE as time-barred and for failure to comply with LR 41.3.1E. Finally and alternatively, the petition should be DENIED on the merits.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 17th day of February, 2006.

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE